B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jose C. Rodriguez, Trustee | **DEFENDANTS**<br>Newell D. Boyd, Individually and as Executor of the Estate of Frances Marie Boyd |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert L. Barrows   210-226-4131<br>Warren, Drugan & Barrows, P.C.<br>800 Broadway, San Antonio, TX 78215 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 100,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Stephen W. Boyd | BANKRUPTCY CASE NO.<br>11-51797 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>San Antonio | NAME OF JUDGE<br>Craig A. Gargotta |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*R. L. B.* | | |
| DATE<br>May 22, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert L. Barrows | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § | CASE NO. 11-51797 |
| STEPHEN W. BOYD | | |
| DEBTOR | | CHAPTER 7 CASE |

| | | |
|---|---|---|
| JOSE C. RODRIGUEZ, TRUSTEE, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | ADVERSARY PROCEEDING |
| v. | | NO._____ |
| NEWELL D. BOYD, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF FRANCES MARIE BOYD, | | |
| Defendant. | | |

### COMPLAINT TO AVOID POSTPETITION OFFSET OF PROPERTY OF THE ESTATE AND FOR DAMAGES

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

JOSE C. RODRIGUEZ, Chapter 7 Trustee, ("Trustee") files his COMPLAINT TO AVOID POSTPETITION OFFSET OF PROPERTY OF THE ESTATE AND FOR DAMAGES against Newell D. Boyd, individually and as Executor of the Estate of Frances Marie Boyd.

### JURISDICTION

1. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This COMPLAINT is filed pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and

1

§§ 362, 549, 550 and 551 of Title 11 U.S.C. ("The Bankruptcy Code"). This matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

## PARTIES

2. Defendant Newell D. Boyd ("Defendant") is a transferee in this Chapter 7 case, is being sued individually and in his capacity as Independent Executor of the Estate of Frances Marie Boyd, and may be served with process pursuant to Rule 7004 F.R.B.P. by first class mail at 1206 Ripple Creek, Houston, Texas 77057.

3. Plaintiff is the Trustee in this Chapter 7 case.

## BACKGROUND

4. Frances Boyd was the mother of the Defendant and Stephen W. Boyd, the Debtor in this case ("Debtor") and Barbara Marlow.

5. Frances Boyd passed away March 23, 2011. At the time of her death, the assets of the Newell D. Boyd Marital Trust ("Trust") and Frances Boyd passed to Defendant, the Debtor and Barbara Marlow, pro rata.

6. The Debtor filed bankruptcy two months later on May 24, 2011. Therefore, the Debtor's interests in the Trust assets and the Frances Boyd probate estate ("Probate Estate") became property of the bankruptcy estate.

7. On June 6, 2011, the Will of Frances Boyd was admitted into probate and Defendant was appointed Independent Executor. Defendant calculated that the Debtor was entitled to one-third of the proceeds of the liquidation of the Trust investment account, which included all of the Trust assets and almost all of the Probate Estate, and Debtor's one-third totaled $257,310.85.

8. Defendant unilaterally and without notice to or approval by the Trustee or the Bankruptcy Court exercised an offset against property of the bankruptcy estate in the amount of $100,000.00 on August 17, 2011. Defendant, at Debtor's instruction, sent the balance of Debtor's distribution, $157,310.85, to the Stephen Wayne Boyd Heritage Trust where it was controlled by the Debtor and promptly spent.

9. The Debtor never disclosed these assets in his bankruptcy Schedules and Statement of Financial Affairs. Prolonged and contested discovery by a creditor finally revealed their existence in the fall of 2011. By then, the Debtor had spent almost all of his distribution.

### CAUSE OF ACTION – 11 U.S.C. § 362(a)

10. The offset by Defendant is a violation of 11 U.S.C. § 362(a) and is void.

### CAUSE OF ACTION – 11 U.S.C. § 549

11. The offset by Defendant is a transfer of property of the Bankruptcy Estate. The offset occurred after the commencement of the case. The offset is authorized only under § 303(f) or § 542(c) of the Bankruptcy Code. The offset is not authorized by the Bankruptcy Code or by the Court.

### RECOVERY OF AVOIDED TRANSFER – 11 U.S.C. § 550

12. The Trustee incorporates all of the following: Paragraphs 4 through 11. The Trustee meets the requirements of § 549(a) of the Bankruptcy Code and is entitled to avoid the offset.

13. Defendant was the initial transferee or immediate transferee of the offset.

14. Accordingly, the Trustee is entitled to recover a money judgment for $100,000.00 from Defendant.

## PRAYER

The Trustee prays that the Defendant be cited to appear and answer, that this matter be set for trial and upon final hearing, the Trustee recover:

1. Avoidance of the offset with relief in the form of all remedies available pursuant to 11 U.S.C. §§ 362, 549 and 550, including but not limited to a money judgment of $100,000.00;

2. Pre and post-judgment interest as allowed by law.

3. Reasonable attorney's fees and costs as allowed by law

4. General relief.

Respectfully Submitted,

WARREN, DRUGAN & BARROWS, P.C.
800 Broadway
San Antonio, Texas 78215
Telephone: (210) 226-4131
Facsimile: (210) 224-6488

By: /s/ R. L. B.
Robert L. Barrows
State Bar No. 01833500

*Attorney For Trustee, Jose C. Rodriguez*